UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                        No. 92-MJ-1353

WILLIAM J. LOVE,                                               ORDER

        Defendant.

--------------------------------------------------------x

ORDER

The Court has received a letter from William Love (docket entry no. 7) requesting the sealing of his 1992 arrest record in the above-captioned case. Mr. Love's letter has been redacted to protect sensitive personal information and the unredacted version has been filed under seal.

In his letter, Mr. Love states that after his arrest and a deferred prosecution agreement in 1992, he was given a probationary sentence, which he completed in 1993. Following probation and the dismissal of his charges, Mr. Love has been successful in building a new life. Now Mr. Love would like to have his arrest record sealed so that it does not interfere with his ability to find housing or to obtain a visa to immigrate to Brazil. The Court has authority to seal arrest records relating to dismissals or acquittals, but only under "extreme circumstances." See United States v. Schnitzer, 596 F.2d 536, 538 (2d Cir. 1997). A qualifying "extreme circumstance" usually implicates some constitutional issue due to unlawful arrests or inaccurate records. See Doe v. Immigr. & Customs Enf't, No. M-54-HB, 2004 WL 1469464, at *3 (S.D.N.Y. June 29, 2004). Difficulty securing employment or burdensome expenses — although deserving of compassion —are not qualifying "extreme circumstances." See Id. at *6; United States v. Pichardo, 202 F. Supp. 3d 342, 344 (S.D.N.Y. 2016). Mr. Love's application

does not allege that his arrest "suffered from a constitutional defect or was based upon a law later deemed to be unconstitutional."  See United States v. Rodrigue, 81-CR-0342-LTS, 2023 WL 2043393, at *2 (S.D.N.Y. Feb. 16, 2023).  Rather, Mr. Love's letter reflects his acceptance of responsibility for his conduct leading to his arrest, and his reflection on how his behavior has improved over the past three decades.  While commendable, Mr. Love's proffers show that his arrest did not violate his constitutional rights and he has no "extreme circumstance" justifying expungement.

To the extent Mr. Love's motion seeks expungement of his deferred prosecution agreement or the related documents concerning his case, the Court does not have power under current law to exercise jurisdiction over that request or to grant it.  See Rodrigue, 2023 WL 2043393, at *1-2.  Accordingly, Mr. Love's request is denied.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Love, at the below address.

SO ORDERED.

Dated: New York, New York
October 4, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Copy to be mailed to:

William J. Love

1470 Reddington Lane

Norcross, Georgia 30093